UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RONNY DEVIOD WALKER                                              PLAINTIFF

v.                                          CIVIL ACTION NO. 3:21-cv-225-BJB

AMY ROBEY et al.                                                DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Ronny Deviod Walker filed a complaint on this Court's *pro se* 42 U.S.C.

§ 1983/*Bivens*[1] complaint form.  This matter is before the Court for screening pursuant to 28

U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on

other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, this lawsuit

will be dismissed.

### I. STATEMENT OF CLAIMS

Walker names as Defendants in their official capacities Luther Luckett Correctional

Complex (LLCC) Interim Warden Amy Robey; and Judge David. J. Hale and Magistrate Judge

Colin H. Lindsay, both of this Court.  This lawsuit appears to be a reaction to the denial of

Walker's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in *Walker v. Litteral*,

3:17-cv-541-DJH-CHL.  In that case, Judge Hale, the presiding judge, referred the matter to

Magistrate Judge Lindsay pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) for rulings on all non-

dispositive motions; for appropriate hearings, if necessary; and for findings of fact, conclusions,

and recommendations on any dispositive matter.  *Walker v. Litteral*, at DN 18.  The Magistrate

Judge entered Findings of Fact and Conclusions of Law and recommended that the habeas

---

[1] In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court established a direct cause of action under the Constitution against federal officials for the violation of constitutional rights.

petition be denied and that a certificate of appealability (COA) be denied. *Id*. at DN 40. Judge Hale adopted in full the Magistrate Judge's Findings and Recommendation and entered Judgment on November 13, 2019. *Id*. at DN 43.

Walker then filed among other things, a Notice of Petition for Writ of Certiorari to the Supreme Court (*id*. at DN 46), two motions to alter judgment (*id*. at DNs 47 and 48), and a motion to correct judgment (*id*. at DN 49). The Court denied those motions by Order entered April 3, 2020 (*id*. at DN 51), and Walker filed a Notice of Appeal (*id*. at DN 52). The Court of Appeals for the Sixth Circuit dismissed the appeal as it applied to the November 13, 2019, judgment (*id*. at DN 58) and denied a COA (*id*. at DN 64). Walker filed another Notice of Appeal (*id*. at DN 65) on the November 13, 2019, Judgment (*id*. at DN 43). The Sixth Circuit dismissed the appeal due to a late notice of appeal (*id*. at DN 72). Walker filed a motion for evidentiary hearing and to appoint counsel, both of which were denied as moot (*id*. at DN 76). Walker then filed the current lawsuit.

In the Complaint, Walker details much of the procedural history of his habeas case and asks the Court "to undo the court's order and allow [Walker] to file a notice of appeal for the court's order denying [Walker]'s habeas petition." DN 1 at 4.

Walker seeks monetary and punitive damages, as well as injunctive relief by a "motion for evidentiary hearing." DN 1 at 6.

## II. STANDARD OF REVIEW

When a prisoner sues a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When

determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *See, e.g.*, *Hill v. Lappin*, 630 F.3d 468, 470–72 (6th Cir. 2010).  While a reviewing court must liberally construe *pro se* pleadings, *see id.* at 471; *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

### A. Judge Hale and Magistrate Judge Lindsay

These Defendants are immune from Walker's lawsuit.  Judges, including Magistrate Judges, are entitled to judicial immunity arising out of the performance of their judicial functions.  *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam); *Kipen v. Lawson*, 57 F. App'x 691, 691-92 (6th Cir. 2003) (discussing immunity of federal judges); *Alexander v. Carter*, No. 1:15-CV-69-HSM-SKL, 2018 WL 1124959, at *5 (E.D. Tenn. Mar. 1, 2018) ("Therefore, as Magistrate Judge Carter is entitled to absolute immunity from suit, Plaintiff's claims against him fail to state a claim on which relief may be granted under § 1983 or *Bivens*.").  Judicial immunity is an immunity from suit, not just immunity from the assessment of money damages, and it applies even when a judge is accused of acting in bad faith, maliciously, or corruptly.  *Mireles*, 502 U.S. at 11.  It also serves to protect federal judges from injunctive relief.  *Kipen*, 57 F. App'x at 691.

Judicial immunity from suit can be overcome in two situations, neither of which are applicable to Walker's complaint.  A judge is not immune from liability for non-judicial actions,

3

*i.e.*, "actions not taken in the judge's judicial capacity," or for "actions, though judicial in nature, which are taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

A review of the docket of Walker's habeas action and the Complaint in this case show no non-judicial actions taken by either Judge Hale or Magistrate Judge Lindsay or any action taken in the absence of all jurisdiction. Nor does Walker argue that there were.

Walker's *Bivens* claims against Judge Hale and Magistrate Judge Lindsay fail to state a claim upon which relief may be granted. These claims will be dismissed.

### B. Warden Robey

The Complaint makes no allegations against Warden Robey. "Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints." *Frieszell v. Dep't of Corr.*, No. 3:20-CV-P509-RGJ, 2020 WL 6066174, at *3 (W.D. Ky. Oct. 14, 2020); *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims where the complaint did not "allege with any degree of specificity which of the named defendants were personally involved in or responsible for" each alleged violation of rights).

It may be that Walker included Warden Robey as a Defendant in this civil action because the warden of the institution where a habeas petitioner is housed is the appropriate respondent in that habeas action. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). A civil-rights action under § 1983 or *Bivens*, however, is not the appropriate method to seek review of a district court judge's decision in a habeas case. *Quarles v. Chambers*, No. CIV. A. 92-2688, 1992 WL 122869, at *1 (E.D. Pa. May 29, 1992) (dismissing as frivolous a civil-rights action against

4

district court judge because it was not appropriate vehicle for review of judge's decision in habeas case).  The claim against Warden Robey will be dismissed.

By separate Order, the Court will dismiss this lawsuit.

Date:

cc:     Plaintiff, *pro se*
        Defendants
B213.009

5